JL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan William Welch, | No. CV 19-08213-PCT-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Prescott Police Department, et al., | |
| Defendants. | |

On July 18, 2019, Plaintiff Ryan William Welch, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and, on August 5, 2019, he filed an Application to Proceed In Forma Pauperis. In an August 8, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On August 20, 2019, Plaintiff filed his First Amended Complaint. In an August 27, 2019 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On September 19, 2019, Plaintiff filed two Motions for Written Pleading (Docs. 10, 11.) On September 20, 2019, Plaintiff filed a Second Amended Complaint (Doc. 12). The

Court will deny the Motions for Written Pleading and dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Second Amended Complaint**

Plaintiff is charged in Yavapai County Superior Court case ##P-1300-CR-201900295, P-1300-CR-201900296, and P-1300-CR-201900330[1] with multiple felony and misdemeanor charges.

In his four-count Second Amended Complaint, Plaintiff sues the State of Arizona, Yavapai County Attorney Sheila Polk, Deputy Count Attorney Josh Fisher, Yavapai County Superior Court Judge John Napper, Attorney Stephanie Willison, Prescott Police Department Detective Frasconie, and Yavapai County Sheriff Scott Mascher. Plaintiff asserts claims related to his pending criminal proceedings, property, and medical care. He seeks release to pretrial services, dismissal of his criminal proceedings, release of his personal property to his power of attorney, and for Defendants Frasconie and Napper to face criminal charges.

In Count One, Plaintiff alleges the State of Arizona is unlawfully holding him and prosecuting him on false charges. He asserts his current bail is a $25,000 cash only bond, which he claims is excessive. Plaintiff alleges the felonies he has been charged with do not appear in "[Arizona] Supreme Court dockets." He asserts that Defendant Polk signed Plaintiff's allegedly false charges as a true bill, and Defendant Fisher is maliciously prosecuting Plaintiff. Plaintiff claims Defendant Napper was presented with a "hardship case," that is, letters and testimony regarding Plaintiff's mother passing away. Plaintiff alleges Defendant Napper did not accept Plaintiff's letter and instead sent it to Plaintiff's defense attorney, Defendant Willison. Plaintiff asserts that on September 16, 2019, Defendant Napper "was told" about Plaintiff's mother's death and the date of her funeral, and Plaintiff asked for a temporary release to attend the funeral. Plaintiff claims Defendant Napper denied Plaintiff's request, and Defendant Willison did nothing to present Plaintiff's

---

[1] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (search by last name "Welch," first name "Ryan" in Yavapai County Superior Court) (last accessed Sept. 26, 2019). Most recently, the trial court appointed new counsel to represent Plaintiff.

"hardship case." Plaintiff alleges that Willison also did not seal motions or letters in the court case file.

Plaintiff asserts that he filed a motion for a *Torres*[2] hearing to remove Defendant Willison as his attorney, and on September 16, 2019, Defendant Napper "approved the hearing." Plaintiff claims the hearing was held the following day, and Defendant Willison was "fired" for not presenting Plaintiff's hardship case. Plaintiff alleges Defendant Napper was "reminded again" that day of Plaintiff's hardship case and his mother's funeral, but Defendant Napper refused to grant Plaintiff relief, resulting in cruel and unusual punishment. As his injury, Plaintiff claims he suffered serious emotional damage and heartache, serious financial damage, loss of all personal property, and slander of his "legal name" and the reputation of his small business.

In Count Two, Plaintiff alleges Defendant Frasconie seized Plaintiff's cell phone and searched the phone without a warrant. Plaintiff asserts the cell phone was not used as a weapon and appears to claim it therefore could not be searched without a warrant. Plaintiff claims that when he asked for the cell phone to be released to his power of attorney because the cell phone was not evidence, the Prescott Police Department refused to release the cell phone. Plaintiff alleges that, pursuant to Arizona Revised Statutes section 13-3941[3], the Prescott Police Department "has no warrant" to seize and search his property until they obtain the password for the cell phone. As his injury, Plaintiff claims he has been unable to reach out to family and friends or obtain account information from his phone, resulting in being unable to pay for an attorney.

In Count Three, Plaintiff alleges that Defendant Frasconie interrogated him without

---

[2] *State v. Torres*, 93 P.3d 1056 (Ariz. 2004).

[3] Section 13-3941, Arizona Revised Statutes, applies to the disposition and return of property that a person has been charged with stealing or embezzling. Section 13-3941(C) provides, "The magistrate shall, upon satisfactory proof of the ownership, order the property to be delivered to the owner. The order entitles the owner to demand and receive the property unless the property, or any part thereof, is required as evidence in any criminal action. If it is so required, it shall remain in possession of the officer or magistrate until the termination of the action." The statute does not apply to Plaintiff's claim that Defendant Frasconie improperly seized and searched Plaintiff's cell phone or that the Prescott Police Department refused to release the cell phone.

1  making a formal arrest while Plaintiff was in the hospital and under the influence of
2  fentanyl and hydrocodone. Plaintiff asserts that Frasconie took his admissions and
3  statements as an admission of guilt and presented them in court, although Plaintiff was in
4  pain and taking drugs and therefore could not knowingly waive his rights. As his injury,
5  Plaintiff claims his freedom is in jeopardy and the fact that his felony charges do not exist
6  in Arizona Supreme Court dockets is "mysterio[u]s."

In Count Four, Plaintiff alleges that Defendant Mascher has "set forth" incompetent medical staff to address Plaintiff's gunshot wounds. Plaintiff asserts he told medical staff that he still had bullets "floating around" inside him and wanted them taken out. Plaintiff claims he waited two months for an x-ray, despite constantly telling medical staff about the pain he was in. Plaintiff alleges that bullets and fragments were found on an x-ray, but medical staff did nothing to address his condition except give him Tylenol. Plaintiff alleges his complaints of pain were not taken seriously, and as a result, he suffers every day from excruciating pain, and he still needs surgery to remove the bullets and fragments from his body. Plaintiff asserts he needs competent medical staff to address his injuries.

Plaintiff further claims he has not received any outside recreation time in the past six months, resulting in vitamin D deficiency and severe mental strain. As his injury, Plaintiff alleges he has abdominal hernias because of the path of the bullets and muscle tears where he was shot; he is in constant, excruciating pain every day, making it difficult for him to sleep; and he is starting to go "stir crazy" because he is being held against his will even though he is considered innocent until proven guilty.

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link

between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Dismissal of Charges and Release from Custody Not Available

Prisoners or persons subject to another form of state custody generally "have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254, and a civil suit under 42 U.S.C. § 1983." *Osborne v. Dist. Attorney's Office,* 423 F.3d 1050, 1053 (9th Cir. 2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court addressed "the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus," and held that § 1983 implicitly excludes from its coverage claims that lie "within the core of habeas corpus," *Preiser,* 411 U.S. at 487–88. Thus, a person who is in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Id.* at 499–500. Accordingly, the Court will dismiss Plaintiff's request for dismissal of his state criminal charges.

### B. Defendant Napper

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure, *see Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff alleges that Defendant Napper denied Plaintiff's request to attend his mother's funeral. That decision is a "judicial" act. Therefore, the Court will dismiss Defendant Napper.

## C. Defendants Polk and Fisher

Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Ashelman*, 793 F.2d at 1076. Immunity extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to judicial proceedings." *Buckley*, 509 U.S. at 270 (citations omitted); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failing to investigate accusations before filing charges and for knowing use of false testimony at trial). Plaintiff sues Fisher solely based upon Fisher's actions in initiating and/or presenting the state's case in Plaintiff's criminal proceedings. Fisher is entitled to prosecutorial immunity for those acts, and he will be dismissed.

With respect to Defendant Polk, there is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Polk personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Rather, Plaintiff bases his claim against Defendant Polk solely on her position as Fisher's supervisor. Thus, the Court will dismiss without prejudice Defendant Polk.

….

**D. Defendant Willison**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. A public defender or court-appointed attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."). Accordingly, the Court will dismiss Defendant Willison.

**E. Defendant Mascher**

As discussed above, there is no respondeat superior liability under § 1983. *Monell*, 436 U.S. 658; *Hamilton*, 981 F.2d at 1067; *Taylor*, 880 F.2d at 1045. Plaintiff has not alleged that Defendant Mascher personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Rather, Plaintiff's claim against Mascher is solely based on his position as Yavapai County Sheriff. Thus, the Court will dismiss without prejudice Defendant Mascher.

**F. Fourth Amendment**

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. However, Plaintiff has provided virtually no facts in support of his Fourth Amendment claim. Plaintiff does not describe the circumstances of seizure and search of his cell phone, and his allegations are too vague to conclude that the search was not subject to one of the exceptions identified above, such as searches incident to arrest. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*. Accordingly, the Court cannot evaluate, even for screening purposes,

whether the seizure and subsequent search of Plaintiff's cell phone was unreasonable under Fourth Amendment standards. Plaintiff has therefore failed to state a Fourth Amendment claim.

### G. Medical Care

The Ninth Circuit Court of Appeals has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). To state a medical care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, ___ U.S. ___, ___, 135 S. Ct. 2466, 2473 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

1 Plaintiff alleges that medical staff have not removed the bullets and fragments from his body, for which he needs surgery, and his complaints of pain are being ignored. However, Plaintiff does not name any specific member of the medical staff as a Defendant. Moreover, Plaintiff does not provide sufficient detail concerning his medical care, such as when and from whom he received treatment, when and from whom he requested treatment, or the response, if any, to such a request. As presented, Plaintiff has failed to state a medical care claim, and Count Four will be dismissed.

**H.     False Arrest**

Plaintiff's allegations can be construed as asserting a claim for false arrest. To state a § 1983 claim for false arrest, a plaintiff must allege that probable cause for his arrest did not exist. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir.1992)). Probable cause "exists 'when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime.'" *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (citing *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). With respect to a warrantless arrest, a judicial determination of probable cause is required "as a prerequisite to extended restraint on liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). A probable cause determination under *Gerstein* must be made by a neutral magistrate, but an adversary hearing is not required. *Id.* Further, the determination that probable cause for an arrest existed may be satisfied by a grand jury indictment.

Plaintiff has not alleged or shown that there was no probable cause for his arrest. Furthermore, Plaintiff was indicted by a grand jury on multiple felony charges. Accordingly, Plaintiff has failed to state a false arrest claim.

**I.     Malicious Prosecution**

Plaintiff's allegations can also be construed as asserting a malicious prosecution claim. Plaintiff is awaiting trial in the state criminal proceedings that are the subject of his claims. A cause of action for malicious prosecution does not accrue until the case is

1 terminated in favor of the accused. *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981). Accordingly, to the extent Plaintiff asserts a malicious prosecution claim, the claim will be dismissed.

**IV. Motions for Written Pleading**

Plaintiff has filed two identical Motions for Written Pleading. Plaintiff asserts that on March 3, 2019, he was arrested for second-degree burglary, aggravated harassment, and resisting arrest in Yavapai County. Following his arrest, he was also allegedly charged with another count of aggravated harassment, unlawful flight from law enforcement, and disorderly conduct. Plaintiff states that the Arizona Supreme Court dockets for his pending criminal cases only show the charges for misdemeanor disorderly conduct and unlawful flight from a law enforcement vehicle. Plaintiff asserts that it is "awfully strange" that, according to the Arizona Supreme Court's dockets, he is only being charged with misdemeanor offenses while he has been held in the Yavapai County Detention Center on a $25,000 cash only bond.

First, Plaintiff appears to misunderstand the significance of the Court's citation to the Arizona Supreme Court's website in the August 27, 2019 Order dismissing the First Amended Complaint in this case. (Doc. 9.) The Yavapai County Superior Court does not make its criminal dockets available to the public. Therefore, the Court cited the dockets as they are presented on the Arizona Supreme Court's website and noted that Plaintiff's burglary charge did not appear on the dockets for any of his criminal proceedings. However, the Arizona Supreme Court's website does not necessarily reflect the actual superior court dockets and in no way negates the charges Plaintiff is facing.

Second, the Court will not consider allegations made in any document except an amended complaint. Therefore, the Court will not address the allegations Plaintiff makes in his Motion for Written Pleading. To the extent that the Motions for Written Pleading seek any relief, they will be denied.

**V. Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the

Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Motions for Written Pleading (Docs. 10, 11) are **denied**.

(2) Plaintiff's Second Amended Complaint (Doc. 12) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 4th day of October, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge